**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL HERRERA LUNA,<br>Petitioner,<br>v.<br>D. MARIN, et al.,<br>Respondents. | Case No. ED CV 26-5135 FMO (DFM)<br><br>**ORDER RE: FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the Petition (Dkt. 1), all of the records herein, and the Report and Recommendation of the United States Magistrate Judge (Dkt. 16, "R&R"), which recommends denying the Petition. (See id. at 2, 10). The court has also conducted a de novo review of the portions of the R&R to which objections were made. (See Dkt. 17, "Objections").

When the R&R was issued, petitioner's appeal of the immigration judge's ("IJ") removal order remained pending before the Board of Immigration Appeals ("BIA"), and, therefore, the removal order was not administratively final. (See Dkt. 16, R&R at 6 n. 1). It appears that petitioner is now detained pursuant to 8 U.S.C. § 1231(a)(6)[1] because his removal order became final on September 28, 2026, when the BIA dismissed his appeal. (See Dkt. 17, Objections at ECF 12-13); Ortiz Ruiz v. Marin, 2026 WL 2985384, *2 (C.D. Cal. 2026) ("An IJ's order of removal becomes final upon the BIA's dismissal of an appeal, or upon expiration of the time to appeal if no appeal is taken.") (citing 8 C.F.R. § 1241.1(a), (c)); Johnson v. Arteaga-Martinez, 596 U.S. 573,

[1] Unless otherwise indicated, all section references are to Title 8 of the United States Code.

575, 142 S.Ct. 1827, 1830 (2022) ("Section 241(a) of the Immigration and Nationality Act[,] . . . codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States."); Giorges v. Kaiser, 2025 WL 2898967, *7 (N.D. Cal. 2025) (noting the statute governing petitioner's detention "shifted" to § 1231(a) once his removal order became final). Under § 1231(a), when a noncitizen is ordered removed, the Attorney General must effectuate removal within 90 days. 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the 90-day removal period. Id. at § 1231(a)(2)(A). If the removal period expires before the noncitizen has been removed, § 1231(a)(6) authorizes the Attorney General to continue the "post-removal-period detention . . . to certain categories of aliens who have been ordered removed, namely, inadmissible aliens, criminal aliens, aliens who have violated their nonimmigrant status conditions, and aliens removable for certain national security or foreign relations reasons, as well as any alien 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" Zadvydas v. Davis ("Zadvydas"), 533 U.S. 678, 688, 121 S.Ct. 2491, 2498 (2001) (quoting 8 U.S.C. § 1231(a)(6)).

In Zadvydas, the Supreme Court held that because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem[,]" § 1231(a)(6) limits a noncitizen's post-removal-period detention to "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." 533 U.S. at 689-90, 121 S.Ct. at 2498. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" Id. at 699, 121 S.Ct. at 2503. "In that case, . . . the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances[.]" Id. at 700, 121 S.Ct. at 2504; see also 8 U.S.C. § 1231(a)(3) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

The Zadvydas court also held that "for the sake of uniform administration in the federal courts[,]" six months is a "presumptively reasonable period of detention[.]" 533 U.S. at 700-01, 121 S.Ct. at 2504-05. However, this "does not mean that every [noncitizen] not removed must be released after six months." Id. at 701, 121 S.Ct. at 2505. Rather, "[a]fter this 6-month period," a

noncitizen is eligible for conditional release if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Id., 121 S.Ct. at 2505. If the noncitizen satisfies his initial burden, "the Government must [then] respond with evidence sufficient to rebut that showing" to warrant continued detention. Id., 121 S.Ct. at 2505.

Because petitioner's removal order became final less than 90 days ago, (see Dkt. 17, Objections at ECF 12-13), he is subject to mandatory detention under § 1231(a)(2)(A). See Zadvydas, 533 U.S. at 683, 121 S.Ct. at 2495 ("During the 90-day removal period, . . . [the noncitizen] must be held in custody."); Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004) ("[T]he Zadvydas due process analysis does not extend to § 1231(a)(2)" because "the danger to which the Zadvydas Court responded – the danger of 'indefinite, perhaps permanent' civil confinement – does not exist when the government is holding an alien under § 1231(a)(2), a provision authorizing detention for 90 days only."). For this reason, petitioner cannot prevail on his Petition or seek immediate release at this time.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The Magistrate Judge's findings, conclusions, and recommendations are accepted as set forth in this Order.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **denied**.

3. The above-captioned case is **dismissed without prejudice**.

4. Judgment shall be entered accordingly.

Dated this 3rd day of November, 2026.

/s/
Fernando M. Olguin
United States District Judge